LUIS ARANA RODRÍGUEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, GUILLERMO A. GIL RIVERA, JUDGE, Respondent.

No. C-64-88.     Decided March 26, 1965.

*Luis Muñoz Rivera* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Petitioner Luis Arana Rodríguez was convicted of a violation of § 5-801 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1041, for driving a motor vehicle under the influence of intoxicating beverages. On September 24, 1964 he was ordered to serve two months in jail and his driving license was suspended for a term of two years. On the same date he appealed to this Court and posted a bail bond.

At the act of pronouncing judgment, pursuant to the provision in § 11-102 of the aforecited law, 9 L.P.R.A. § 1642, the judge seized petitioner's driving license.[1] On October 27 appellant requested the return of his license arguing that the appeal instituted had set aside the judgment object of this appeal. An order of denial was entered because the trial judge believed it was improper. To review this action we issued a writ of certiorari.

The Solicitor General agrees with petitioner in the sense that the respondent judge erred. He is right.

It is necessary to point out immediately that the suspension of the license decreed by the court is part of the penalty provided by § 5-802, 9 L.P.R.A. § 1042, for the persons found guilty of the offense of driving in state of intoxication. Subdivision (d) says that in case of a first conviction "the court shall, *in addition* to the above penalties, decree the suspension of the driver's license for a period

---

[1] The license is attached to the original record of the criminal cause. It was not forwarded to the Secretary of Public Works.

of not less than one (1) year nor more than two (2) years."[2] It involves one and the same judgment, which has not yet become final because it is on appeal.

■ It being so, it is evident that the timely presentation of the notice of appeal stayed the execution of the judgment rendered. Rule 197(a) of the Rules of Criminal Procedure of 1963, which provides that "An appeal to the Supreme Court from a judgment of conviction . . . shall stay the execution of the judgment" is strictly applicable. *People* v. *Barrios*, 23 P.R.R. 195 (1915); *Ex Parte Toro*, 7 P.R.R. 440 (1904); *cf. People* v. *Matos Rodríguez*, 91 P.R.R. 616 (1965). As correctly stated by the representative of the Solicitor General, "the term of imprisonment and suspension of the driving license are part of the same judgment, since they depend on the decision of the trier that defendant has committed the offense of driving a vehicle in state of intoxication."

In *People* v. *Pérez Escobar*, 91 P.R.R. 9 (1964), we rejected the pronouncement of the trial judge to the effect that the suspension decreed would start to run as of the date of defendant's release after serving the penalty imposed. We said that a study of other provisions of the same act leads to the conclusion that the period is counted as of the date of conviction. But that does not mean that defendant's license may be seized while the case is on appeal, since in the event the judgment is reversed defendant would be precluded from driving for a specific term there being no conviction to justify it. *Cf.* § 9-104, 9 L.P.R.A. § 1494, which refers to the surrender of the license in cases where the

---

[2] It is not a question of the revocation of the license for refusing to submit himself to one of the chemical analyses to which subdivision (c) of § 5-804, 9 L.P.R.A. § 1044, refers. See *People* v. *Otero Valle*, 89 P.R.R. 71 (1963); *People* v. *Superior Court*, 86 P.R.R. 791 (1962), and *People* v. *Superior Court*, 91 P.R.R. 602 (1964).

procedure of simultaneous complaint and summons is applicable.[3]

The order entered by the Superior Court, San Juan Part, on November 16, 1964 will be set aside and the Clerk of said Court will be ordered to withdraw from the record and deliver the driving license to petitioner, until the final decision of the appeal which is still pending.

[3] In case the judgment is affirmed the term during which petitioner has been deprived of his license will be deducted from the term of suspension decreed, that is, since September 24, 1964 until the date on which, in compliance to this order, the license is delivered to him.